UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 24 CR 308-1 |
| v. | |
| DAVID GLEE, also known as "D-Nice" | Judge Mary M. Rowland |
| | Magistrate Judge Gabriel A. Fuentes |

**AMENDED PROTECTIVE ORDER GOVERNING DISCOVERY AS TO
DEFENDANT DAVID GLEE**

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18

U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED as to Defendant David Glee and

his counsel:

1.    **Materials Subject To Protective Order:** All of the materials

provided by the United States in preparation for, or in connection with, any stage of

the proceedings in this case (collectively, "the Materials") are subject to this protective

order and may be used by defendant and defendant's counsel solely in connection with

the defense of this case, and for no other purpose, and in connection with no other

proceeding, without further order of this Court.

2.    **Limits on Disclosure of Materials**: Defendants and defendants'

counsel shall not disclose the Materials or their contents directly or indirectly to any

person or entity other than persons employed to assist in the defense, persons who

are interviewed as potential witnesses, counsel for potential witnesses, and other

persons to whom the Court may authorize disclosure collectively, "authorized

persons"). Potential witnesses and their counsel may be shown copies of the Materials

1

as necessary to prepare the defense but may not retain copies without prior permission of the Court. Aside from exceptions above, the Materials and their contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

3. **Copies to Be Treated as Originals:** Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original sensitive materials.

4. **Notes to Be Treated as Originals:** Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original sensitive materials.

5. **Defense Counsel's Responsibility to Advise Persons this Order:** Before the Materials or their contents are provided directly or indirectly to defendant and/or an authorized person, defense counsel must advise the defendant and/or authorized person of this Order and provide that person with a copy of this Order.

6. **Records Regarding Individuals to Whom the Materials or Their Contents Are Disclosed:** Defense counsel shall maintain a record of (1) any authorized person (as defined in paragraph 2); and (2) any other persons to whom the Court authorizes disclosure, to whom the Materials – or their contents – were

2

disclosed. Defense counsel shall maintain a record demonstrating that these individuals have been advised of the terms of this protective order, provided a copy of this protective order, and have signed at the bottom of the copy of the protective order to document that the individuals have been advised of the protective order. Defense counsel will not disclose such records to the government, unless the Court so orders, but will disclose such records to the Court upon request.

7. **Disposal of the Materials:** Upon conclusion of all stages of this case, all of the Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Materials. In the event that the Materials are retained by defendants' counsel, the restrictions of this Order continue in effect for as long as the Materials are so maintained, and the Materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. **Mistaken Production:** To the extent any Material is produced by the United States to defendants or defendants' counsel by mistake, the United States shall have the right to request the return of the Material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such Material if in hard copy, and in the case of electronic Materials, shall certify in writing that all copies of the specified Material have been

3

deleted from any location in which the Material was stored. The United States may extend such time for return.

9. **Specially Restricted Materials:** Certain materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the Specially Restricted Materials") are sensitive materials contain personal identifying information of one or more persons other than the defendant and information that could threaten the safety, reputational, and privacy interests of victims, witnesses, and third parties if released. Any "Specially Restricted Materials" are subject to all of the restrictions that apply to the "Materials," as well as additional restrictions, discussed below. These materials shall be plainly marked as "Specially Restricted Materials" by the government prior to disclosure.

10. **Limits Regarding Items Designated as Specially Restricted Materials:** In addition to being subject to all of the restrictions pertaining to the Materials, materials designated as "Specially Restricted Materials" may not be shown to or given to the defendant by defense counsel in any format. The only manner in which defendant is permitted to review Specially Restricted Materials is by making arrangements, through defendant's attorney, for transport to the U.S. Attorney's Office for review in the presence of a law enforcement agent.

11. **Limits on Filing Specially Restricted Materials:** Absent prior permission from the Court, copies, in whole or in part, of information marked as sensitive shall not be included in any public filing with the Court, and instead shall

4

be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant.)

12.     **Limits on Publicly Identifying Certain Third Parties Identified in the Materials:** The Materials may identify victims, witnesses, and individuals who provided information to law enforcement. The names (full, partial, or initials) of such individuals, other than law enforcement officers, shall not be included in any public filing with the Court, and instead shall be submitted under seal.

13.     **Exceptions:** The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, except as outlined in Paragraph 12.

14.     **Amendments:** Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

MARY M. ROWLAND
U.S. DISTRICT JUDGE
United States District Court
Northern District of Illinois

Date: May 29, 2025

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

DAVID GLEE, also known as "D-Nice"

No. 24 CR 308-1

Judge Mary M. Rowland
Magistrate Judge Gabriel A. Fuentes

## ACKNOWLEDGMENT OF AMENDED PROTECTIVE ORDER AND PROPER HANDLING OF MATERIALS SUBJECT THERETO

I _____ (name):

(a) counsel for the defendant in the above-captioned case;

(b) a defendant in the above-captioned case;

(c) am employed as a(n) _____ and I am assisting _____ (attorney) in the preparation of the defense of _____ (defendant); OR

(d) am participating in an interview with _____ (attorney) regarding the defense of _____ (defendant).

In anticipation of reviewing materials produced by the government in this matter, I have reviewed the attached Order. I understand its contents. I agree that I will only access the Materials for the purposes of preparing the defense case. I will not make any copies of any of the Materials or otherwise disseminate the Materials other than authorized by this Order, without further order of the Court. I understand that failure to abide by this Order may result in sanctions by this Court.

DATED: _____

Name: _____